IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

GABRIEL AGUIRRE CUERRO,

                Petitioner,                         OPINION AND ORDER

      v.                                        26-cv-600-wmc

WARDEN E. EMMERICH and
UNITED STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                Respondents.

_____

Petitioner Gabriel Aguirre Cuerro is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford") who represents himself. Petitioner previously sought a federal writ of habeas corpus under 28 U.S.C. § 2241, arguing that the BOP was wrongfully denying him time credits earned under the First Step Act based on an expedited order of removal that was "void ab initio." *See Cuerro v. Emmerich*, 24-cv-819-wmc (W.D. Wis.). That case was dismissed without prejudice for lack of jurisdiction on June 9, 2025, and petitioner did not file an appeal. Petitioner has now filed an "emergency" petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that but for an "unlawful order of expedited removal" entered against him by Immigration and Customs Enforcement, he would be entitled to First Step Act time credits and immediate release. (Dkt. #2.) After reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to § 2241 proceedings, the petition will be dismissed for the reasons explained below.

1

BACKGROUND

Petitioner is a citizen of Colombia, who is presently incarcerated as the result of a federal conviction for manufacturing and distributing, and possessing with intent to manufacture and distribute cocaine while aboard a vessel.  *See United States v. Cuero*, Crim. No. 5:15-125, 2024 WL 3014180 (S.D.N.Y. June 12, 2024) (denying petitioner's motion for a reduction in sentence).  He received a sentence of 144 months' imprisonment in that case, followed by a lifetime term of supervised release, in a judgment entered on January 20, 2017.  His projected release date is June 27, 2027.

While incarcerated, petitioner was found inadmissible by immigration officials and ICE issued an expedited order of removal against him under Section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1).  (Dkt. #1-1 in 24-cv-819-wmc.)  That provision states in pertinent part as follows:  "If an immigration officer determines that an alien . . . who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution."  8 U.S.C. § 1225(b)(1)(A)(i).

Petitioner contends that his expedited order of removal is illegal because he was extradited and paroled into the country involuntarily to face criminal prosecution and was not an "arriving" alien or applicant for admission who is subject to § 1225(b)(1).[1]  (Dkt. #2, at 11.)

---

[1] Petitioner is incorrect.  *Morales-Ramirez v. Reno*, 209 F.3d 977, 978 (7th Cir. 2000) ("'Parole' into the United States allows an individual physically to enter the country, but it is not equivalent to legal entry into the United States."); *Montes v. Dep't of Homeland Sec.*, No. 25-cv-372-wmc, 2025 WL 1638439, at *2 (W.D. Wis. June 9, 2025) ("Parole grants an alien temporary entry into the United States for a certain purpose and can be terminated at any time

He argues further that this illegal removal order is being wrongfully applied to deny him First Step Act time-credits under 18 U.S.C. § 3632(d)(4)(E)(i) (prisoners subject to a final order of removal under any provision of the immigration laws are ineligible for time credits under this section), which has increased the length of imprisonment.  He asks the court to declare his removal order illegal and order the BOP to apply his earned First Step Act time-credits to his sentence so he can be immediately released.

OPINION

To begin, the petition repeats claims that were rejected in petitioner's previous habeas corpus proceeding, which was dismissed and not appealed.  Thus, the pending petition is subject to dismissal with prejudice as an abuse of the writ, which "prohibits a § 2241 petitioner from asserting claims that were resolved, or could have been resolved in an earlier habeas petition." *Gorbey v. Gilley*, No. 23-3344, 2024 WL 39889028, at *1 (7th Cir. Aug. 29, 2024) (unpublished); *see also Arnaout v. Marberry*, 351 F. App'x 143, 144-45 (7th Cir. Nov. 12, 2009) (concluding that a prisoner's second habeas petition under § 2241 was "an abuse of the writ and was thus properly dismissed with prejudice") (citations omitted).

Review is otherwise barred for reasons explained previously to petitioner, who acknowledges that the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a)(2)(A), bars district courts from considering any issues pertaining to an order of removal.[2]  This statute

---

. . . . Aliens paroled into the United States are considered 'arriving aliens' and applicants for admission. 8 U.S.C. § 1225(a)(1)[.]"). When parole terminates or the purposes of such parole have been served, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

[2] Section 1252(a)(2)(A)(iii) states that "no court shall have jurisdiction to review . . . the

strips jurisdiction from district courts and makes a petition for review to the applicable circuit court of appeals the "*sole and exclusive means* of judicial review" for orders of removal.  8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders").  As a result, any habeas petition under § 2241 seeking judicial review of a removal order after REAL ID was enacted "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam).

There is a limited exception to the jurisdiction-stripping provision found in § 1252(a)(2)(A), which allows judicial review of expedited orders of removal for habeas corpus petitions seeking a determination of:

(A)  whether the petitioner is an alien;

(B)  whether the petitioner was ordered removed under [the expedited removal] section, and

(C)  whether the petitioner . . . is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title.

8 U.S.C. § 1252(e)(2).  Petitioner does not contend that his petition fits within this limited exception.  Instead, petitioner contends that he is entitled to judicial review because the jurisdiction-stripping provision in § 1252(a)(2)(A) violates the Suspension Clause as applied to him.[3]

---

application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title[.]"

[3] The Suspension Clause of the United States Constitution states: "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

Petitioner's argument lacks merit.  To avoid Suspension Clause problems, the REAL ID Act permits judicial review in the federal courts of appeals over "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D); *see also Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (noting that "[t]he REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals.")(citing § 1252(a)(5)).  The Supreme Court has explained that the purpose of jurisdictional limitations on review of removal orders "is to 'give some measure of protection . . . to discretionary determinations' of the Attorney General, and to prevent 'separate rounds of judicial intervention outside the streamlined process that Congress has designed.'"  *Chapinski v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999)).

The Supreme Court has further clarified that the Suspension Clause applies only to those "core" habeas claims seeking release from custody, which fell within the scope of habeas release "when the Constitution was drafted and ratified."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (quoting *Boumediene v. Bush*, 553 U.S. 723, 746 (2008)).  It does not include claims seeking relief from removal in the immigration context.  *Id*. at 116-17 (holding that the federal statute limiting habeas review of expedited removal proceedings does not violate the Suspension Clause, which does not contemplate a right to "enter or remain in a country or to obtain administrative review potentially leading to that result.").  Thus, the Suspension Clause does not help petitioner.

Because the petition does not fit within the limited exception for judicial review found in § 1252(e)(2), the court lacks jurisdiction to consider petitioner's challenge to the validity of his removal order and this action must be dismissed for this additional reason.  *See* Fed. R. Civ.

P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").


ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Gabriel Aguirre Cuerro (dkt. #2)is DISMISSED with prejudice as abuse of the writ.  Alternatively, the petition is DISMISSED for lack of jurisdiction.

2) Petitioner's motion for expedited review (dkt. #6) is MOOT.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 11th day of August, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6